IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YUL HILL,
    *Plaintiff*,

v.

AMERICAN DESIGN & BUILD, *et al.*,
    *Defendants*.

Case No. 25-cv-2032-ABA

**MEMORANDUM OPINION and ORDER**

Plaintiff Yul Hill, who is self-represented, initiated this action against Defendants American Design & Build (ADB), Joe Tunney, Sandi Tunney,[1] and Brian Young with a complaint filed on June 24, 2025. Defendants have moved to dismiss, contending that they were not properly served. The Court will dismiss the complaint for a different reason: Mr. Hill's federal law claims are frivolous and the Court will decline to exercise jurisdiction over any remaining state law claims.

**I.    BACKGROUND**

Because the case is at the pleading stage, the Court will construe the allegations in the complaint to be true. *See Episcopal Church in S.C. v. Church Ins. Co. of Vermont*, 997 F.3d 149, 154 (4th Cir. 2021). This dispute stems from a residential solar panel installation. Mr. Hill alleges in his complaint that ADB began "an installation of only 12 solar panels" at his home in November 2017. ECF No. 1 at 6. Mr. Hill further contends that the "installation was never completed." *Id*. He states that ADB has been "false

---

[1] Mr. Hill's complaint names "American Design & Build/Tunney, Joe & Sandi" as defendants. The Court will construe all three parties to be defendants (i.e., American Design & Build, Joe Tunney, and Sandi Tunney). Doing so has no impact upon any part of the analysis below.

1

advertising and scamming me out of money for years." *Id.* ADB subsequently sued Mr. Hill in the Maryland District Court for Prince George's County and obtained a money judgment against Mr. Hill for $40,000 in 2018. *Id.* at 6–7; ECF No. 20 at 1; *American Design & Build, Ltd. v. Yul Hill*, Case No. 05-02-0031052-2018 (Dist. Ct. Prince George's Cnty.). Mr. Hill unsuccessfully appealed this decision to the Appellate Court of Maryland and unsuccessfully petitioned the Maryland Supreme Court for review. *See* Case Nos. CSA-REG-1838-2019 (Appellate Ct. of Md.), COA-PET-0374-2019. Mr. Young was ADB's attorney in these proceedings (and before this Court, where he represents both ADB and himself pro se). Mr. Hill alleges that the state court lawsuit was frivolous and that Mr. Young committed "Fraud on the Court." ECF No. 1 at 6.

Mr. Hill filed his complaint with a motion for leave to proceed *in forma pauperis*, but subsequently paid the civil filing fee. ECF No. 2, 7. Defendants have moved twice to strike service of the complaint and dismiss the case under Federal Rule of Civil Procedure 12(b) for insufficient process and insufficient service of process. ECF No. 16, 23. Mr. Hill responded, ECF No. 20, and also filed a "motion to vacate judgment," ECF No. 22. Mr. Hill has also filed supplements to his complaint, ECF Nos. 13 and 21, which the Court has reviewed.

II.   **DISCUSSION**

Under 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court may dismiss a case "at any time" if it determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid."); *Mallard v.*

2

*U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section [1915(e)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "A 'frivolous' complaint is one lacking an arguable basis either in law or in fact." *Nolan v. Bright*, Case No. 22-cv-196-DKC, 2022 WL 717048, at *1 (D. Md. Mar. 10, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). Accordingly, though Defendants have moved to strike the complaint and dismiss it on service grounds only, the Court may also dismiss *sua sponte* if Mr. Hill's action plainly fails to state a claim and/or lacks any arguable basis in law or fact. *See Cofield v. Passport Motors Holdings, Inc.*, 686 F. Supp. 3d 424, 427 (D. Md. 2023) ("This Court 'is authorized to sua sponte dismiss complaints that fail to state a claim.'") (quoting *Emrit v. Md. State Bar Ass'n*, Case No. 15-cv-2548-JKB, 2015 WL 1102774, at *2 (D. Md. Sept. 10, 2015)).

      Mr. Hill's complaint appears to assert both federal and state law claims. His pro se complaint was submitted on the District of Maryland's standard complaint form. ECF No. 1. In the section labeled "Basis for Jurisdiction," Mr. Hill contends that federal question jurisdiction applies in this case because his claims arise under the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment. *Id.* at 4. He also refers to "Federal Rule 7 Motion for Abeyance/Stay for the District Court for Prince George's County" in the jurisdiction section of the complaint. *Id.* Elsewhere in his complaint, he contends that ADB defrauded him out of money related to the solar panel installation and that Mr. Young committed "[f]raud on the [c]ourt" in connection with the state law proceedings. *Id.* at 6. Though his complaint does not lay out the exact nature of his claims, his opposition to Defendants' motion to strike appears to clarify that he considers himself to have asserted a fraud claim. *See*

3

ECF No. 20 at 2–3. An "ordinary fraud claim" is typically handled "under state law," *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998), and Mr. Hill has not cited any federal statute that would form the basis for his fraud claims instead. Mr. Hill also requested that the Court add a breach of contract claim in later correspondence, which the Court will construe as a motion to amend the complaint. ECF No. 21 at 1.

Even reading the complaint with deference to Mr. Hill, and accepting all of the allegations in his complaint as true, his constitutional claims plainly fail because they cannot be asserted against private citizens. Other than with respect to private persons acting under color of state law, the protections guaranteed in the U.S. Constitution run against the federal government and, to the extent incorporated in the Fourteenth Amendment, against state governments. *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) ("[T]he action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful."). "With few exceptions, constitutional guarantees, including those of individual liberty and equal protection, 'do not apply to the actions of private entities.'" *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) (quoting *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 619 (1991)). In other words, "[a] claim of constitutional rights violation requires state actors." *Noonan v. Galinaitis*, Case No. 09-cv-2406-WDQ, 2009 WL 3152825, at *1 (D. Md. Sept. 25, 2009). Certain exceptions exist for private parties that receive state funding or are connected to state action if the private party acts with such a "close nexus" to the state that they "may fairly be said to be a state actor." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quotations omitted).

4

Defendants here are private citizens: an attorney, a company, and two individuals associated with the company. *See* ECF No. 20 at 2. Mr. Hill has not alleged that they are state actors in any way. Accordingly, to the extent he intended to bring constitutional claims in this case, they lack any legal basis as pled and are therefore dismissed.

Although the pleadings of self-represented litigants must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that the Court can ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate."). The Court has reviewed Mr. Hill's complaint, supplements, and motions. Even upon liberal construction, there is no arguable basis for his Eighth or Fourteenth Amendment claims against the Defendants in this case.

Mr. Hill's reference to a "Motion for Abeyance/Stay" in the jurisdictional section of his complaint does not save his federal law claims from dismissal either. Mr. Hill appears to cite Federal Rule of Civil Procedure 7 in relation to a motion to stay the Circuit Court's ruling. ECF No. 1 at 4. Rule 7 merely sets out the kinds of pleadings and motions allowed in federal court and certain formal requirements. It does not provide an independent basis for jurisdiction. Furthermore, if Mr. Hill intended to seek this Court's review of the state court's judgment, that request is not a jurisdictional basis either. To the contrary, federal courts are generally *precluded* from exercising jurisdiction to review state court judgments under claim preclusion or the *Rooker-Feldman* doctrine. *See Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005) ("Res judicata (or claim preclusion) precludes the assertion of a claim after a judgment on the merits in a prior suit by the parties or their privies based on the same

5

cause of action."); *T.M. v. Univ. of Maryland Med. Sys. Corp.*, 139 F.4th 344, 350 (4th Cir. 2025), *cert. granted sub nom. T. M. v. Univ. of Md Med. Sys.*, No. 25-197, 2025 WL 3493155 (U.S. Dec. 5, 2025) (explaining that the *Rooker-Feldman* doctrine divests federal courts of jurisdiction over claims "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To the extent Mr. Hill's complaint seeks review of the state court judgment, the Court lacks jurisdiction.

If there is plainly no basis for the federal claims, that leaves Mr. Hill's implied state law fraud and breach of contract claims.[2] The Court will decline to exercise supplemental jurisdiction over these claims. Courts may hear certain state-law claims related to federal claims via supplemental jurisdiction. 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[A] district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *see also Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013), *aff'd*, 593 F. App'x 204 (4th Cir. 2014) ("[S]upplemental jurisdiction is a doctrine of discretion, and not a plaintiff's right."). "Among the factors that inform this discretionary determination are convenience and

---

[2] The Court will grant Mr. Hill's request to add breach of contract claims to his complaint. ECF No. 21 at 2. These claims are also based in state law.

6

fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Morales v. Richardson*, 841 F. Supp. 2d 908, 914 (D. Md.), *aff'd*, 475 F. App'x 894 (4th Cir. 2012); *see also Gregory v. Otac, Inc.*, 247 F. Supp. 2d 764, 773 (D. Md. 2003) ("A majority of the courts which have considered the question have declined to exercise pendent jurisdiction over a state claim when the federal claims have been disposed of prior to a full trial on the merits."); 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial.").

Here, the case is at an early stage, well before trial. The parties have not invested significant resources in discovery. Further, there was already state court litigation regarding at least some of Mr. Hill's claims (which may prevent further litigation anyway under claim preclusion or the *Rooker-Feldman* doctrine, as discussed above). Considering principles of fairness, judicial economy, and comity this Court will not exercise supplemental jurisdiction over any tort or contract claims, to the extent Mr. Hill intended to bring them.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. Plaintiff's complaint is DISMISSED without prejudice;
2. The Clerk of Court shall mark the case as CLOSED.

Date: February 23, 2026

_____/s/_____
Adam B. Abelson
United States District Judge